# MORTGAGE DEED

KNOW ALL MEN BY THESE PRESENTS, that EDWARD MARANDOLA, JR., of Newport, Rhode Island, hereinafter called the MORTGAGOR, in consideration of the sum of FIVE HUNDRED FIFTY THOUSAND and 00/100 ($550,000.00) DOLLARS, paid by KENNETH J. ALVES, of Newport, Rhode Island , hereinafter called the MORTGAGEE, the receipt whereof is hereby acknowledged do hereby grant to the MORTGAGEE with MORTGAGE COVENANTS, to secure the payment of the principal and interest of a certain Promissory Note of the MORTGAGOR of even date herewith, the following:

All that certain lot or parcel of land, together with the buildings and improvements thereon, located in the City and County of Newport, State of Rhode Island, and bounded and described as follows: SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

BEING the same premises conveyed to Edward Marandola, Jr. by deed of Elizabeth E. Meyer, dated October 13, 1997 and recorded in Book 786 at Page 352 of the Newport Land Evidence Records.

BEING designated as Lot 8(2B) on the Newport Tax Assessor's Plat 41, as presently constituted, for reference purposes only.

This Mortgage is made upon the STATUTORY CONDITION and with the STATUTORY POWER OF SALE; provided, however, that publication of notice of a foreclosure sale may be made alternatively in a public newspaper published in the City of Newport, and that a foreclosure sale may be held upon the premises, or elsewhere, at the option of the MORTGAGEE, as specified in said notice.

This Mortgage is made subject to these additional covenants and agreements as follows:

1. The MORTGAGOR covenants and agrees to keep and maintain the exterior and the interior of the building and improvements and the premises described in this Mortgage at all times until full payment and discharge hereof, in as good condition and repair as the same now are or may hereafter be put in, and to permit the MORTGAGEE, and her heirs, successors and assigns, to enter upon the mortgaged premises at all reasonable times to view and inspect the same.

2. The MORTGAGOR covenants and agrees to keep the buildings and all structures, fixtures and appliances covered by this mortgage now or hereafter on the mortgaged premises insured with an insurance company acceptable to the MORTGAGEE, against fire with an extended coverage endorsement in an amount equal to eighty (80%) percent of the full replacement value thereof, naming the MORTGAGEE as the insured. A certificate of such insurance shall be delivered to the MORTGAGEE. Said insurance shall not be cancelable without thirty (30) days prior written notice to the MORTGAGEE

Unless MORTGAGEE and MORTGAGOR otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the mortgaged premises damaged, provided such restoration or repair is economically feasible and the security of this Mortgage is not thereby impaired. If such restoration or repair is not economically feasible or if the security of this Mortgage would be impaired, the insurance proceeds shall be applied to the sums secured by this Mortgage, with the excess, if any, paid to MORTGAGOR. If the premises is abandoned by MORTGAGOR, or if MORTGAGOR fails to respond to the MORTGAGEE within thirty (30) days from the date notice is mailed by MORTGAGEE to MORTGAGOR that the insurance carrier offers to settle a claim for insurance benefits, MORTGAGEE is authorized to collect and apply the insurance proceeds as MORTGAGEE'S option either to restoration or repair of the mortgaged premises or to the sums secured by this Mortgage.

Unless MORTGAGEE and MORTGAGOR otherwise agree in writing, any such application of proceeds to principal shall not extend or postpone the due date of the monthly

installments referred to under the terms of this Mortgage or change the amount of such installments. If under the terms of this Mortgage, the mortgaged premises is acquired by **MORTGAGEE**, all right, title and interest of the **MORTGAGOR** in and to any insurance policies and in and to the proceeds thereof resulting from damage to the mortgaged premises prior to the sale or acquisition shall pass to the **MORTGAGEE** to the extent of the sums secured by this Mortgage immediately prior to such sale or acquisition.

3. The **MORTGAGOR** covenants and agrees to make payments for taxes, assessments, condominium fees or water charges, and if the **MORTGAGOR** fails to make such payments when the same are due, the **MORTGAGEE** may pay the same, and any and all sums so paid shall be immediately repaid by the **MORTGAGOR** unless otherwise provided, and until repaid, the payments thereof shall be secured by this Mortgage and shall bear interest at the rate of fifteen percent (15.00%) per annum until paid and shall be a further lien upon the premises.

4. The **MORTGAGOR** covenants and agrees that if the **MORTGAGOR** shall be declared bankrupt or insolvent or shall make an assignment for the benefit of creditors or shall be placed under control or in custody of any court, or if either one or both the **MORTGAGOR** shall abandon any of said property, then, in any of said events, the **MORTGAGEE** is hereby authorized and empowered, at their option, without notice and without affecting the lien hereby created, or the priority of said lien, or any right of the **MORTGAGEE** hereunder, to declare all sums secured hereby immediately due and payable.

5. Said **MORTGAGOR** covenants and agrees that it shall not, during the continuance of this mortgage or any extension or renewal hereof, suffer said premises to be attached or levied upon in any legal proceedings whatsoever.

6. Said **MORTGAGOR** covenants and agrees to pay on demand to the **MORTGAGEE** the following:

a. any sums paid by the **MORTGAGEE** on account of any default of this or any prior or junior mortgage(s) of whatever nature by the **MORTGAGOR** for taxes, repairs, insurance, utilities, interest, principal, tenant security deposits, or otherwise;

b. any sums paid by the **MORTGAGEE**, including reasonable attorneys' fees in prosecuting, defending or intervening in any legal or equitable proceeding wherein any of the rights created by this mortgage are in the reasonable judgment of the **MORTGAGEE** jeopardized or in issue; and

c. any sums paid by the **MORTGAGEE** in good faith for the preservation and protection of the mortgaged premises including, but not limited to, sums advanced for items similar or dissimilar to those set forth in clauses "a" and "b" above.

7. Said **MORTGAGOR** covenants and agrees that at the option of the **MORTGAGEE**, the note secured hereby shall become immediately due and payable without notice or demand:

a. in the event of a default continuing beyond any applicable grace period under any junior mortgage(s) and/or note(s) or other obligations secured thereby affecting any or all of the mortgaged premises;

b. upon the sale or transfer of all or any portion of the mortgaged premises, except as provided in the Promissory Note of even date herewith;

c. in the event of a default hereunder or under any note or agreement secured hereby or executed in connection herewith; or

d. in the event of any default under any other agreement or obligation of the **MORTGAGOR** in favor of the **MORTGAGEE**, whether now existing or hereafter arising.

8. In case any default shall exist in the conditions of this mortgage for more than fifteen (15) days, or in case any default shall exist in the conditions of any prior or junior mortgage beyond the grace period, if any, provided for therein, all obligations secured by this mortgage shall become due without further notice or demand:

If default shall be made in the performance or observance of any of said additional covenants and agreements, it shall be lawful for the **MORTGAGEE** to sell the above-described premises pursuant to said **STATUTORY POWER OF SALE.**

The terms **MORTGAGOR** and **MORTGAGEE** wherever used herein and any pronoun referring thereto, shall be construed in the singular, plural, masculine, feminine, or neuter, in accordance with the manner in which this Mortgage is executed, and said terms shall be deemed to include his, her, its, or their heirs, executors, administrators and/or assigns.

The provisions of this Mortgage Deed shall inure to the benefit of, and be binding upon, the **MORTGAGOR** and **MORTGAGEE**, and their respective heirs, executors, administrators, successors, assigns and legal representatives.

**IN WITNESS WHEREOF**, the said Edward Marandola, Jr. has set his hand and seal this 12th day of June, 2008.

_____
Edward Marandola, Jr.

**STATE OF RHODE ISLAND**
**COUNTY OF NEWPORT**

In Newport, on the 12th day of June, 2008, before me personally appeared Edward Marandola, Jr. to me known and known by me to be the party executing the foregoing instrument, and he acknowledged said instrument, by him executed, to be his free act and deed.

_____
Notary Public
My Commission Expires:

MORTGAGEE'S ADDRESS:

24 Bayview Ave.
Portsmouth, RI 02871

Kdunn\notes and mortgages\alves mortgage

## SCHEDULE A

**THAT CERTAIN CONDOMINIUM UNIT** designated as Unit No. B, a/k/a "Boathouse Unit" in Bonniecrest Condominium, a condominium project located on that certain parcel of land in Newport, Rhode Island, more particularly described in the hereinafter mentioned Declaration of Condominium.

**THE CONDOMINIUM** has been established pursuant to the Rhode Island Condominium Ownership Act by Declaration creating Bonniecrest Condominium dated October 16, 1981 and recorded October 22, 1981 in Volume 9 at Page 826; as amended by Notices of Amendment in Volume 11 at Page 925; as further amended in Volume 11 at Page 926; as further amended in Volume 13 at Page 401; as further amended in Volume 15 at page 664; as further amended in Volume 17 at Page 651; as further amended in Volume 18 at Page 441; as further amended in Volume 20 at Page 317; as further amended in Volume 137 at Page 107; as further amended in Volume 143 at Page 317; as further amended in Volume 146 at Page 84; as corrected by Corrective Amendment in Volume 159 at Page 262; as further amended in Volume 159 at Page 271; as further amended in Volume 612 at Page 398; and as further amended in Volume 653 at Page 1; as further amended by Restated and Amended Declaration of Bonniecrest Condominium, as set forth in Volume 1526 at Page 163; as further amended in Volume 1678 at Page 341 of the Newport Land Evidence Records.

Amendment of By-Laws as set forth in Volume 1062 at Page 304 of the Newport Land Evidence Records.

**THE UNIT IS CONVEYED TOGETHER WITH:**

1. An undivided percentage interest in the common areas and facilities of the Condominium described in the Declaration, together with the rights and easements appurtenant to said Unit as set forth in said Declaration and as shown on said Plats and Plans.

2. The benefit of all other covenants, restrictions, easements, and provisions of the Declaration, as amended from time to time.

**THE UNIT IS CONVEYED SUBJECT TO:**

1. The provisions of the Rhode Island Condominium Act.

2. The provisions of the Declaration and all exhibits, plans and other documents recorded simultaneously therewith, as the same may be amended from time to time by instrument recorded in the City Clerk's Office of the City of Newport.

3. Lien for taxes assessed December 31, 2006 and December 31, 2007 by the Tax Assessor for the City of Newport.

4. The provisions of existing building and zoning laws and other applicable government regulations.

5. Subject to and together with easements, restrictions and privileges as set forth in said Declaration, By-Laws and all Exhibits, plans and other documents recorded simultaneously therewith as the same may be amended from time to time.

Property Address:

111 Harrison Avenue, Unit B
Newport, RI 02840

9734-1 lep